UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

|  |  |
|---|---|
| John C. Prevost<br><br>                Plaintiff,<br><br>v.<br><br>Andrew Saul, Commissioner of Social<br>Security,<br><br>                Defendant.<br>_____/ | Case No. 20-cv-11961<br><br>Paul D. Borman<br>United States District Judge<br><br>David R. Grand<br>United States Magistrate Judge |

## OPINION AND ORDER

**(1) ADOPTING MAGISTRATE JUDGE GRAND'S MARCH 31, 2021 REPORT AND RECOMMENDATION (ECF No. 17);**
**(2) OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF No. 18);**
**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13);**
**(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15); AND**
**(5) AFFIRMING THE DECISION OF THE COMISSIONER**

## I.     Introduction

Plaintiff John C. Prevost brought this action pursuant to 42 U.S.C. § 405(g),

challenging the final Decision of Defendant Commissioner of Social Security

denying Plaintiff's application for Disability Insurance Benefits under the Social

Security Act. On March 31, 2021, Magistrate Judge David R. Grand issued a

Report and Recommendation addressing cross motions for summary judgment. (ECF No. 17.) In the Report and Recommendation, Magistrate Judge Grand recommends that the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 13), grant the Commissioner's Motion (ECF No 15), and affirm the ALJ's decision. On April 14, 2021, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 18.) The Commissioner filed a response on April 27, 2021. (ECF No. 19.)

Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), this Court OVERRULES Plaintiff's objections and ADOPTS the Report and Recommendation of Magistrate Judge Grand that adopts the findings of the Commissioner.

Magistrate Judge Grand discusses the relevant factual background in his Report and Recommendation, and the Plaintiff has not specifically objected to the facts as recounted, so this Court adopts them full. (ECF No. 17.)

## II.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written

objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730

(6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

## III. Analysis

Plaintiff raises one central objection: the ALJ was bound to present evidence to explain the differences between the 2018 and 2019 RFC [residual functional capacity] determinations. (ECF No. 18 PageID.1327-28.) Plaintiff argues that "[r]eaching two different conclusions based upon the same evidence demonstrates that *neither* conclusion was supported by substantial evidence." (ECF No. 18 PageID.1328.)

The Court first notes that Plaintiff's Motion for Summary Judgment (ECF No. 13 PageID.1267-69), already makes the same argument regarding the ALJ's duty to support with substantial evidence the reasons for the 2018 to 2019 change in RFC determination at length. Objections to a Magistrate Judges' report and recommendation are not meant to be simply a vehicle to rehash arguments set forth in the petition. *See e.g.*, *Reynolds v. Stewart*, No. 17-10257, 2017 WL 4324940, at *2 (E.D. Mich. Sept. 29, 2017), aff'd, No. 17-2293, 2018 WL 1989635 (6th Cir. Apr. 25, 2018) (citations omitted).

The Magistrate Judge addressed the reasons why the ALJ was not bound by the 2018 RFC when making the 2019 determination. The Magistrate Judge noted

that ALJ Lawrence E. Blatnik's 2018 decision was vacated by the Appeals Council's February 2019 remand order, which nullified the 2018 decision. (ECF No. 17 PageID.1316-17.) The ALJ's 2018 determination never became a final decision. *See Wireman v. Comm'r of Soc. Sec.*, 60 F. App'x 570, 571 (6th Cir. 2003) (affirming the district court's holding that that ALJ was not bound by a prior decision that never became final). The Court also notes that the ALJ alerted Plaintiff at his 2019 hearing that the 2018 decision had been "vacated, and it no longer has any binding force or effect." (Aug. 27, 2019 Hearing Transcript, ECF No. 11, PageID.363.)

The Magistrate Judge properly determined that the only issue before the Court was whether the ALJ's 2019 decision is supported by substantial evidence. As the Magistrate Judge explained:

> [T]he relevant inquiry is not, as [Plaintiff] contends, whether the ALJ adequately justified the changes in his findings, and, indeed, [Plaintiff] has cited no authority in support of that proposition. Rather, the only relevant inquiry is whether the ALJ's findings in the 2019 decision are adequately explained and supported by substantial evidence. . . .
>
> Contrary to [Plaintiff's] contention, there is an "accurate and logical bridge" between the evidence and the 2019 RFC. Specifically, the ALJ's 2019 physical RFC assessment is directly supported by Dr. Dunbar's opinion, which the ALJ afforded great weight.

(ECF No. 17 PageID.1319.)

The Court agrees fully with the Magistrate Judge's reasoning and determination that there was no requirement that the ALJ give credence to the 2018 determination, which never became a "final" decision, when making his 2019 determination.

## IV. Conclusion

For the foregoing reasons, the Court:

(1) ADOPTS Magistrate Judge Grand's March 31, 2021 Report and Recommendation (ECF No. 17);

(2) OVERRULES Plaintiff's Objections to Magistrate Judge Grand's Report and Recommendation (ECF No. 18);

(3) DENIES Plaintiff's Motion for Summary Judgment (ECF No. 13);

(4) GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 15);

(5) AFFIRMS the findings of the Commissioner.

SO ORDERED.

s/Paul D. Borman
Dated: May 14, 2021          Paul D. Borman
United States District Judge